IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VIRGINIA VOTER'S ALLIANCE, INC., et al.,

    Plaintiffs,

v.                                                      Case No.: 1:16-cv-394

ANNA J. LEIDER,

    Defendant.

## ANSWER

NOW COMES defendant, Anna J. Leider, in her official capacity as General Registrar for the City of Alexandria ("Leider"), by counsel, and for and in support of her answer to the Complaint states as follows:

    1.       Paragraph 1 of the Complaint states legal conclusions regarding the type of relief sought by the plaintiffs and, therefore, requires no factual response by Leider. To the extent a response is deemed required, all allegations contained in paragraph 1 are denied.

    2.       Paragraph 2 of the Complaint is admitted.

    3.       Paragraph 3 of the Complaint is admitted.

    4.       Leider is without sufficient information to either admit or deny the allegations contained in paragraph 4 of the Complaint.

    5.       In responding to paragraph 5 of the Complaint, it is admitted that David Norcross is a registered voter in the City of Alexandria. Leider is without sufficient information to either admit or deny the remaining allegations contained in paragraph 5 of the Complaint.

    6.       Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 of the Complaint consists of incomplete statements of law to which no factual response is required.

8. Paragraph 8 of the Complaint consists of incomplete statements of law to which no factual response is required.

9. Paragraph 9 of the complaint consists of incomplete statements of law to which no factual response is required.

10. Paragraph 10 of the complaint consists of incomplete statements of law to which no factual response is required.

11. Paragraph 11 of the Complaint is denied.

12. Paragraph 12 of the Complaint is denied.

13. Responding to paragraph 13 of the Complaint, Leider denies violating the NVRA or that the plaintiffs have been impaired, are impaired or will be impaired from carrying out their missions or that they have been harmed by Leider.  Leider is without sufficient information to either admit or deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Responding to paragraph 16 of the Complaint, it is admitted that Leider received a certified letter dated January 25, 2016.  The letter speaks for itself.  Leider denies the remaining allegations contained in paragraph 16 of the Complaint and the allegations contained in the certified letter.

17. Responding to paragraph 17 of the Complaint, Leider denies that she fails to reasonably maintain the voter rolls.  Leider admits that she does not review the City of Alexandria's Circuit Court jury excusal forms, and avers that she is not required so to do.  Leider

is without sufficient information to either admit or deny the remaining allegations contained in paragraph 17 of the Complaint.  However, stating further, Leider notes that the use of Circuit Court jury excusal forms is not a requirement under either Virginia or Federal law as a method to implement as reasonable list maintenance program.

18. Responding to paragraph 18 of the Complaint, the January 25, 2016 letter speaks for itself. Leider admits that a variety of information was publically available to the Plaintiffs, who could have obtained this information independently of Leider via the Virginia Department of Elections website..

19. Responding to paragraph 19 of the Complaint, the January 25, 2016 letter speaks for itself.

20. The allegations contained in paragraph 20 of the Complaint are denied.  Stating further, see attached a true and accurate copy the response letter dated February 9, 2016, sent via email and certified mail to the plaintiffs and attached as Exhibit 1 to this Answer.

21. Responding to paragraph 21 of the Complaint, the January 25, 2016 speaks for itself.

22. Responding to paragraph 22 of the Complaint, Leider denies that the voter rolls for the City of Alexandria contain more registrants than eligible citizens.  Leider is without sufficient information to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Leider is without sufficient information to either admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint is denied.

25. Defendant reincorporates and realleges paragraphs 1 through 24 as if fully stated herein.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Defendant reincorporates and realleges paragraphs 1 through 29 as if fully stated herein.

31. In responding to paragraph 31 of the Complaint, Leider agreed to meet with the representatives of plaintiffs and requested more information in order to properly address the concerns raised in the January 25, 2016 letter. Plaintiffs failed to respond to Leider's February 9, 2016 correspondence. The remaining allegations contained in paragraph 31 are denied.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

## Affirmative Defenses

35. Plaintiffs have failed to state a claim upon which relief can be granted for violation of the NVRA for Count I: Failure to Conduct List Maintenance.

36. Plaintiffs have failed to state a cause of action upon which relief can be granted under the NVRA for Count II: Failure to Produce Records and Data.

37. Plaintiffs lack constitutional standing as to both Counts in the Complaint.

38. Plaintiffs lack organizational standing as to both Counts in the Complaint.

39.     Plaintiffs' claims are moot and/or lack ripeness as to both Counts in the Complaint.

40.     Despite defendant's willingness and attempt to resolve this dispute with Plaintiffs without the need for Court intervention, Plaintiffs filed this lawsuit in this Court.  See Exhibit 1.  As a result, the defendant was forced to retain the undersigned law firm to defend her in this litigation.  Defendant now seeks the reimbursement of her reasonable attorney's fees, including litigation expenses and costs pursuant to 42 U.S.C. 1973 gg-9(c).

Wherefore, defendant Anna J. Leider, in her official capacity as General Registrar for the City of Alexandria, by counsel respectfully requests that this matter be dismissed; or alternatively deny plaintiffs' request for a declaration and injunction, order the plaintiffs to pay defendant's reasonable attorney's fees, including litigation expenses and costs pursuant to 42 U.S.C. 1973 gg-9(c), deny the relief sought and that she be awarded other such relief as the Court deems appropriate.

                                        Anna J. Leider, in her official capacity as General
                                        Registrar for the City of Alexandria


                                        By: ____/s/_____
                                                    Counsel

William W. Tunner, Esq. (VSB #38358)
*Thompson*McMullan
100 Shockoe Slip
Richmond, VA  23219-4140
Phone: (804) 649-7545
Fax: (804) 780-1813
Email: wtunner@t-mlaw.com
*Counsel for Defendant Anna J. Leider*


Certificate of Service

I hereby certify that on this 29th day of April, 2016, a true and accurate copy of the Answer was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

    J. Christian Adams, Esq.
    Noel H. Johnson, Esq.
    Public Interest Legal Foundation
    209 W. Main Street
    Plainfield, IN 46168


    __/s/_____
    William W. Tunner, Esq. (VSB #38358)
    *Thompson*McMullan
    100 Shockoe Slip
    Richmond, VA  23219-4140
    Phone: (804) 649-7545
    Fax: (804) 780-1813
    Email: wtunner@t-mlaw.com