

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
MAR 17 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities,<br><br>*Plaintiff,*<br><br>v.<br><br>SHERIFF/TAX ASSESSOR-COLLECTOR WILLIAM "CLINT" MCDONALD, in his official capacity as voter registrar,<br>*Defendant.* | Civil Action No. 2:14-CV-12-AM-CW |

## CONSENT DECREE

Plaintiff filed a complaint pursuant to Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, to enforce obligations concerning voter registration lists maintenance efforts in elections for Federal offices. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1973gg-9.

Defendant is covered by the requirements of Section 8 of the NVRA with respect to elections for Federal office and is obliged to maintain voter rolls in Terrell County, Texas, *See* 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b). Defendant is obliged to maintain accurate voter rolls pursuant to 42 U.S.C. §1973gg-6(d)(3), 42 U.S.C. §15483(a)(2)(A) and 42 U.S.C. §1973gg-6(a)(4).

For present purposes, Section 8 allows for the immediate removal of a voter from a registration list of Terrell County when the voter has died, been convicted of a disqualifying

crime, when the voter requests to be removed, or when the voter has produced a writing indicating they no longer reside within Terrell County. *See* 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA sets forth specific notice procedures and time frames before removing a voter when the county election commission obtains information that a voter no longer lives at his/her registration address of record (*i.e.*, when undeliverable election mail or returned jury notices are received). *See* 42 U.S.C. §§ 1973gg-6(b)-(f). Defendant must comply with these notice provisions and time lines before removing such voters from its registration list.

Notwithstanding these list maintenance obligations, Defendant conducted a general program of list maintenance that allowed the voter rolls to include more people registered to vote than there were citizens of voting age population in Terrell County according to 2010 Census data. Plaintiff alleges that as a result, Defendant violated the registration list maintenance obligations under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.

Defendant denies that it has violated the registration list maintenance obligations under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6. Nevertheless, Plaintiff and Defendant, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties negotiated in good faith and hereby agree to the entry of this Consent Decree ("Decree") as an appropriate resolution of the claims alleged in Plaintiff's complaint. The parties agree to waive a hearing and, thus, stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

**1. Deceased Voters, Felons and Duplicate Registration Removal and Report.** The Defendant shall identify registrants who may be deceased and registrations which may be duplicates so that their registrations are subject to cancellation. Defendant shall use reasonable

diligence to search for duplicate registrations and take steps to cancel all verified duplicate registrations utilizing all available databases provided by state officials and any other party with access to duplicate registrations.

Defendant shall conduct a program to train and educate county officials in the Voter Registrar's office located within Terrell County about how to properly register a voter so as to not produce a duplicate registration. Defendant shall train all deputy registrars how to properly register a voter so as to not produce a duplicate registration.

Defendant shall identify duplicate registrations by cross referencing lists of Terrell County registrants with the Texas Secretary of State's statewide database as established pursuant to requirements in the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483(a).

Defendant shall provide a list of all registered voters to the Texas Department of State Health Services for purposes of cross reference with death records maintained by that agency and shall identify deceased voters from that database.

Defendant shall consult with Justices of the Peace in Terrell County about registered voters to determine if they are deceased.

Defendant shall review lists of jurors who have been removed from jury duty lists on the basis of being deceased, as having moved away from Terrell County, or ineligible for reasons of citizenship. Defendant shall act to correct the rolls on the basis of information obtained regarding jury summons returned or declined.

Defendant shall obtain access to the Social Security Master Death Index and utilize this data to identify additional parties who may be deceased.

The Defendant shall make a determination, consistent with all notice requirements mandated by law, about these potentially invalid voter registrations by July 1, 2014, including the removal from the list of eligible voters of any registrant who has been positively identified as being a deceased voter. Any duplicative registrations of a voter shall be corrected by the same date. On or before July 30, 2014, Defendant shall inform in writing counsel for the plaintiff as to the total number of voters identified as having a duplicate registration or who are deceased, the total number of voters removed, the total number of voters placed on the inactive list, and the number of duplicate registrations or registrations for a deceased voter for which the county took no action. This data will be provided in concise summary form and Defendant will provide the aforementioned data even if that number is zero. Defendant shall also provide this report to the members of the Terrell County Commissioners Court.

Defendant shall, on July 1 and January 3 of each year obtain from the District Clerks in all counties of the 63rd Judicial District of Texas (which consist of Terrell, Kinney, and Val Verde counties) a list of those persons convicted of disqualifying felonies in Texas in the previous year. The Defendant shall make written requests on July 1 and January 3 of each year to the Texas Department of Criminal Justice-Institutional Division for lists of those convicted of disqualifying felonies who have residence addresses in Terrell County. Defendant shall on a quarterly basis request from any database maintained by the Secretary of State a list of all persons registered to vote in Terrell who have been convicted of disqualifying crimes. Defendant shall remove any registrant so convicted. Within 5 days before an election, the defendant shall use the latest information it has, regardless of the date of the request which produced the information, to remove persons disqualified by reason of conviction for a disenfranchising crime.

On October 1 and February 15, Defendant shall request from the United States Attorney in Del Rio the names of individuals listing an address in Terrell County and who have been convicted of a disqualifying felony and take required action upon receiving the information.

In all instances, Defendant should act on information or comply with directives received from the Texas Secretary of State regarding ineligible registrants on the rolls in Terrell County. Plaintiff may introduce evidence of failure to act on information provided by the Texas Secretary of State in any proceeding to enforce this decree. Defendants will comply with all directives issued by the Secretary of States regarding voter roll maintenance.

**2. Countywide Mailing for Address Verification.** On or before May 1, 2014, the Defendant shall conduct a countywide mailing, via first class mail, to all active and inactive registrants as described below.

**A. Active Voters - United States Postal Service Change of Address Data**

Active voters shall receive notice by nonforwardable mail. Upon receiving any mailings to active voters which are returned by the postal service as undeliverable to the registrant, Defendants shall conduct list maintenance as described in 42 U.S.C. § 1973gg-6(c)(1). Pursuant to 42 U.S.C. § 1973gg-6(c)(1)(A), Defendants shall obtain change of address information supplied by the Postal Service to identify registrants whose addresses may have changed. If it appears from this information that the registrant has moved to an address within Terrell County, the Defendants shall correct the registration records to show the new address and shall send the registrant a notice of the change by forwardable mail containing a postage prepaid and preaddressed form by which the registrant may verify or correct the address, in accordance with 42 U.S.C. § 1973gg-6(c)(1)(B). If according to the information supplied by the Postal Service,

5

the registrant has moved to an address outside of Terrell County, the Defendants shall provide the notice described in 42 U.S.C. § 1973gg-6(d)(2) by forwardable mail, with a prepaid preaddressed return card on which the registrant may state their new and current residence address and cancellation of their Terrell County voter registration, together with the applicable notices described in 42 U.S.C. § 1973gg-6(d)(2)(A) and 42 U.S.C. § 1973gg-6(d)(2)(B).

### B. "Inactive" - Voters Who Have Not Voted For Two Federal Cycles

To any voter who may be currently classified as inactive by virtue of not voting in two consecutive federal election cycles, Defendants shall utilize procedures in 42 U.S.C. § 1973gg-6(d)(1)(B) and 42 U.S.C. § 1973gg-6(d)(2). As described above, Defendants shall mail a notice pursuant to 42 U.S.C. § 1973gg-6(d)(2) that contains a postage prepaid and pre-addressed return card sent by fowardable mail, on which the registrant may state their current address. The notice shall contain the language contained in 42 U.S.C. § 1973gg-6(d)(2)(A) and 42 U.S.C. § 1973gg-6(d)(2)(B).

In conformity with 42 U.S.C. § 1973gg-6(d)(1)(B), Defendants shall remove from the rolls all registrants who have failed to respond to the notice described above (42 U.S.C. § 1973gg-6(d)(1)(B)(i)) and have not voted or appeared to vote in two federal general elections after the notice was sent (42 U.S.C. § 1973gg-6(d)(1)(B)(ii)).

### C. Registrants Who No Longer Reside in Terrell County – Other

Registrants who confirm in writing that they no longer reside in Terrell County must be removed immediately pursuant to 42 U.S.C. § 1973gg-6(d)(1)(A). This would include registrants who in response to a jury summons indicate that they are no longer residents of the county or return the postcard contemplated in Part 2A of this Decree.

Defendant shall request from the Texas Department of Public Safety the names of all registrants from Terrell County who have obtained new Texas driver's licenses with a residence address outside of Terrell County for a period ranging from January 1, 2008, to the date of the entry of this Consent Decree, and periodically through the date of the expiration of this Consent Decree. After the Texas Department of Public Safety provides the information, and if a registrant who submitted a writing to the Texas Department of Public Safety indicating that they have moved from Terrell County remains on the rolls in Terrell County, Defendant shall request a copy of the writing through which the registrant has changed residence to a place outside of Terrell County. *See*, 42 U.S.C. § 1973gg-6(d)(1)(A). Once Defendant receives this information, the Defendant shall mail a notice to both the registered voting address in Terrell County as well as the driver's license address in the other county. The notice shall contain a postage prepaid return card which states: "records indicate that your residence is located in a county other than Terrell. Please return this communication with your signature and choice between the two: "I wish to ___ 1) Cancel my Terrell County voter registration because I no longer reside in Terrell County, or ___ 2) Maintain my Terrell County voter registration because it is my real residence address notwithstanding any change of address on my driver's license."

Defendant shall use reasonable diligence to investigate any registered voters who it learns have moved from Terrell County, Texas. At a minimum this shall include investigating whether they have claimed a homestead exemption for ad valorem taxes with the Terrell County Appraisal District or the tax appraisal district in the county to which the voter has reportedly moved. If Defendant discovers a voter registered in Terrell County but who does not claim a homestead exemption in Terrell County, or that claims a homestead exemption in another county, the Defendant shall mail a notice to both the registered voting address in Terrell County

7

as well as the registered address in the other county claiming a homestead exemption. The notice shall contain a postage prepaid return card which states: "records indicate that you have claimed a homestead exemption because your residence is located in a county other than Terrell. Please return this communication with your signature and choice between the two: "I wish to ___ 1) Cancel my Terrell County voter registration and continue to maintain my homestead exemption in the county other than Terrell County, or ___ 2) Maintain my Terrell County voter registration because it is my real residence address notwithstanding any claims I have made on a homestead exemption form."

   3. **Report on Countywide Mailing.** On or before July 30, 2014, Defendant shall provide counsel for Plaintiff information in writing that identifies the number of voters who were identified as potentially ineligible through use of the measures set forth in Paragraph 2, *supra*, the number of voters actually removed from the registration database, and the total number of voters placed on inactive status after confirmation mailings. The data will be provided in concise summary form and will provide the aforementioned data even if that number is zero. This data must also provide the total number of active and inactive voters as of the report date. Defendant shall also provide this report to the members of the Terrell County Commissioners Court.

   Defendant shall provide in this report the reasons a voter identified as potentially ineligible was removed from the list and if a potentially ineligible voter not placed on the suspense list was not removed the reason why they were not removed. Defendant shall continue to maintain records as to why an inactive voter or a voter on the suspense list was or was not removed. Defendant shall provide this information upon request.

   4. **Additional Compliance Measures.**

8

The Defendant shall continue to implement and, for the duration of the Decree, make assessments described below to determine whether it is complying with the list maintenance requirements of Section 8 of the NVRA, including whether Defendant is identifying and removing voters from its rolls who have died, been convicted of a disqualifying crime, or who have moved. Specifically, the Defendant must assess whether it is: (1) reasonably acting on information regarding removal of ineligible voters provided by the Texas Secretary of State obtained from the statewide voter registration database regarding voters who may have become ineligible (such as potential deaths of voters or duplicate registration of voters); (2) researching and acting on other specific information provided in writing by voters that calls into question those voters' continued eligibility to vote at their currently registered addresses, such as jury duty declinations or county or state tax filings which claim non-resident status; (3) canvassing their registered voter lists to locate voters who have died or moved; (4) using canvass information to update voter registration rolls for voters who have moved within Terrell County consistent with Section 8(f) of the NVRA; (5) sending a forwardable confirmation notice under Section 8(d) of the NVRA to voters who may have moved outside of Terrell County or for whom there is no forwarding information; (6) placing voters who do not respond to the confirmation notice into an inactive status that will indicate the date they were placed in such status; (7) removing inactive voters who do not vote during two Federal general election cycles (*i.e.* every two years, after one federal Presidential election and one federal mid-term election) following the date the confirmation notice is sent or who indicate in writing that they have moved outside of Terrell County; (8) ensuring that eligible voters on inactive status remain on the voter registration list during the period of the two Federal general election cycles following the date the confirmation notice is sent, and that they can cast valid ballots on election day during that period, upon proper

Case 2:14-cv-00012-AM-CW   Document 10-1   Filed 05/13/14   Page 10 of 11

assertion of eligibility, if required under state law; and (9) returning eligible inactive voters to active status if they properly reactivate their registration.

**5. Retention of Records.** Defendant shall retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided in 42 U.S.C. §§ 1973gg-6(i) and 1974. This will include all materials and other documents necessary to the list maintenance obligations under the NVRA and state law. Defendant shall make these records available to counsel for Plaintiff upon request.

**6. Costs.** Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this Decree and subsequent thereto, and the Plaintiff has waived any right to attorney's fees for the entry of this Decree.

**7. Binding Nature of Decree.** This Decree is binding on the Defendant, his successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on his behalf, to the extent permitted by law or required by this Decree.

**8. Termination Date and Retention of Jurisdiction.** This Agreement shall remain in effect until August 1, 2017. The Court shall retain jurisdiction to enforce the terms of this Decree.

SO ORDERED: March 17, 2015

_____
United States District Judge

WE ASK FOR THIS

FOR PLAINTIFF:

J. Christian Adams
ELECTION LAW CENTER, PLLC.
300 N. Washington Street, Ste. 405
Alexandria, Virginia 22314
(703) 963-8611
(703) 740-1773 fax
adams@electionlawcenter.com
*Pro Hac Vice to be filed*

Eric Bayne
202 W. Academy Street
Del Rio, Texas 78840
(830) 469-9069
(830) 778-1613 fax
Eric@EricBayne.com

H. Christopher Coates
LAW OFFICE of
H. CHRISTOPHER COATES
934 Compass Point
Charleston, South Carolina 29412
(843) 609-7080
curriecoates@gmail.com
*Pro Hac Vice to be filed*

FOR DEFENDANT:

Jon Mark Hogg
JACKSON WALKER L.L.P.
301 W. Beauregard Ave., Suite 200
San Angelo, Texas 76903
(325) 481-2560
(325) 481-2585 fax
jmhogg@jw.com

11