# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, <br> in its individual and corporate capacities, <br><br> *Plaintiff*, <br><br> v. <br><br> WALTHALL COUNTY, <br> MISSISSIPPI ELECTION COMMISSION, <br> *Defendant*. | Civil Action No. 2:13cv86-KS-MTP |

## **CONSENT DECREE**

Plaintiff filed this action pursuant to Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, to enforce the Defendant's obligations concerning voter registration list maintenance in elections for Federal offices. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1973gg-9.

Defendant is covered by the requirements of Section 8 of the NVRA with respect to elections for Federal office and is obliged to maintain voter rolls in Walthall County, Mississippi. *See* 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b). Defendant is obliged to maintain accurate voter rolls pursuant to 42 U.S.C. §1973gg-6(d)(3), 42 U.S.C. §15483(a)(2)(A) and 42 U.S.C. §1973gg-6(a)(4).

Section 8 allows for the immediate removal of a voter from a registration list when the voter has died, been convicted of a disqualifying crime, when the voter requests to be removed, or when the voter has produced a writing indicating they no longer resides at the registered

1

address. *See* 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA sets forth specific notice procedures and time frames for removing a voter when the county election commission obtains information that a voter no longer lives at his/her registration address of record (*i.e.*, when undeliverable election mail or returned jury notices are received). *See* 42 U.S.C. §§ 1973gg-6(b)-(f). Defendant must comply with these notice provisions and time lines before removing such voters from its registration list.

Notwithstanding these list maintenance obligations, Defendant has conducted a general program of list maintenance that has allowed the voter rolls to include more people registered to vote than there are citizens of voting age population in Walthall County. As a result, Defendant has violated the registration list maintenance obligations under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.

Plaintiff and Defendant, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties negotiated in good faith and hereby agree to the entry of this Consent Decree ("Decree") as an appropriate resolution of the claims alleged in Plaintiff's complaint. The parties agree to waive a hearing and, thus, stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

**1. Deceased Voters, Felons and Duplicate Registration Removal and Report.** On or before October 1, 2013, the Defendant shall distribute notices regarding registrants who may be deceased and registrations which may be duplicates. Defendant shall compile the list of registrants for this section from the Mississippi Secretary of State's statewide database, as identified by the Secretary of State using its statewide computerized database maintained

pursuant to the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15483(a). Defendant shall provide a list of registered voters to the Mississippi Department of Health for purposes of cross reference with death records maintained by that agency and shall provide notices to all registrants identified by the Department of Health as potentially having died. The Defendant shall also obtain and utilize the Social Security Master Death Index and utilize this data to identify additional parties who may be deceased for the purposes of notification. The Defendant shall make a determination, consistent with all notice requirements mandated by law, about these potentially invalid voter registrations by November 15, 2013, including the removal from the list of eligible voters of any registrant who has been positively identified as being a deceased voter or as a duplicate registration of a voter. On or before December 1, 2013, Defendant shall provide a report to counsel regarding the total number of ineligible voters identified as a duplicate registration or for a deceased voter, the total number of voters removed, the total number of voters placed on the inactive list, and the number of duplicate registrations or registrations for a deceased voter for which the county took no action. The reported data will be provided in concise summary form and Defendant will provide the aforementioned data even if that number is zero.

    Defendant shall obtain, at the minimum, on a quarterly basis from the Walthall Circuit Court Clerk, the circuit court clerk of all counties adjacent to Walthall County, and the Mississippi Department of Corrections lists, the list of those convicted of disqualifying felonies under the Mississippi Constitution. Defendant shall also obtain, at the minimum, on a quarterly basis from the United States Attorney from both the Northern and Southern District of Mississippi and the Eastern District of Louisiana a list of individuals convicted of disqualifying felonies under the Mississippi Constitution. Defendant shall remove any registrant so convicted.

No earlier than five (5) days before any federal election, Defendant shall obtain lists of convicted felons from the above-mentioned clerks of court and the United States Attorneys and shall remove from the poll books and registration records any felon so convicted.

In instances where it appears a felon was improperly registered and the felon was shown to have illegally participated in a federal election, the Defendant will make a written referral of those facts to the United States Attorney. In instances where it appears a felon was improperly registered and the felon was shown to have illegally participated in a state or local election, the Defendant will make a written referral of those facts to the District Attorney.

In all instances, Defendant shall promptly act on information or comply with directives received from the Mississippi Secretary of State regarding ineligible registrants.

**2. Countywide Mailing for Address Verification.** On or before November 15, 2013, the Defendant shall take reasonable efforts to identify voters who are ineligible to vote by conducting a countywide mailing, via first class non-forwardable mail, to all registered voters. The program must comply with the requirements of Section 8(b) of the NVRA, 42 U.S.C. § 1973gg-6. To the extent that any mailing is returned as undeliverable with no forwarding address or a forwarding address outside Walthall County, Defendant shall send a follow-up notice letter by forwardable-mail to the voter and a postage prepaid address verification card, as set forth in 42 U.S.C. § 1973gg-6(c)-(d), whereby the voter can confirm his or her address. When the mailing is returned as undeliverable with a forwarding address inside Walthall County, Defendant shall ensure that voter records are updated in accordance with 42 U.S.C. § 1973gg-6(d)(2). Defendant shall process returned and undeliverable address verification cards in

accordance with State and Federal law. This program must be completed on or before August 31, 2014 so as to comply with 42 U.S.C. § 1973gg-6(c)(2)(A) prior to the 2014 Federal election.

Defendant shall immediately request from the Mississippi Department of Public Safety the names of all registrants from Walthall County who have obtained new Mississippi driver's licenses outside of Walthall County from a period ranging from January 1, 2005 through the date of this Consent Decree. If the registrant remains on the rolls in Walthall County, Defendant shall request a copy of the writing through which the registrant confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction. *See*, 42 U.S.C. § 1973gg-6(d)(1)(A). Absent any subsequent showing that the registrant has moved back to Walthall County, Defendant shall remove from the rolls such voters who have confirmed in writing, by virtue of obtaining driver's licenses outside of Walthall County, that they are no longer residents of Walthall County by November 15, 2013. Prior to removal from the rolls, the Defendant shall provide the registrant, at both their old and new address, notice that their "registration is subject to cancellation in Walthall County absent a showing within the next 60 days that [they] remain a bona fide resident in Walthall County."

**3. Report on Countywide Mailing.** On or before December 31, 2013, Defendant shall provide counsel for Plaintiff with a report that identifies, the number of voters who were identified as potentially ineligible through use of the measures set forth in Paragraph 2, *supra*, the number of voters actually removed from the registration database, and the total number of voters placed on inactive status after confirmation mailings. The reported data will be provided in concise summary form and will provide the aforementioned data even if that number is zero. This report must also provide the total number of active and inactive voters as of December 31, 2013.

**4. Additional Compliance Measures and Reports –County Tracking and Enforcement.** The Defendant shall immediately implement and, for the duration of the Decree, execute additional measures for identifying and deleting ineligible voter registrations in Walthall County. These shall include, at a minimum, regularly obtaining and utilizing the Social Security Master Death Index. Furthermore, these additional measures shall include Defendant requesting the Secretary of State to request access to the Department of Homeland Security's Systematic Alien Verification for Entitlements ("SAVE") database. If obtained, the Defendant shall utilize data within the SAVE database to identify potential non-citizens who have registered to vote in Walthall County. Upon identifying registered voters who, according to the SAVE database, are potential non-citizens, the Defendant shall provide written notice to those voters that they have been identified as such, and provide those registered voters ample sufficient opportunity to respond. If no response is received from the registered voters after ample time to respond has expired, or, if the voters do not contest that they are non-citizens, the Defendant shall cancel the voter registration of the identified voters. In instances which it appears a non-citizen was improperly registered or the non-citizen is shown to have voted in a federal election, the Defendant will make a written referral of those facts to the United States Attorney.

Furthermore, the Defendant shall immediately implement and, for the duration of the Decree, execute tracking measures described below to determine whether it is complying with the list maintenance requirements of Section 8 of the NVRA, including whether Defendant is identifying and removing voters from its rolls who have died, been convicted of a disqualifying crime, or who have moved. Specifically, the Defendant must monitor and track whether it is properly: (1) promptly acting on information and directives to remove ineligible voters provided by the Mississippi Secretary of State obtained from the statewide voter registration database

regarding voters who may have become ineligible (such as potential deaths of voters or duplicate registration of voters); (2) researching and acting on other specific information provided in writing by voters that calls into question those voters' continued eligibility to vote at their currently registered addresses, such as jury duty declinations or county or state tax filings which claim non-resident status; (3) canvassing their registered voter lists to locate voters who have died or moved; (4) using canvass information to update voter registration rolls for voters who have moved within Walthall County consistent with Section 8(f) of the NVRA; (5) sending a forwardable confirmation notice under Section 8(d) of the NVRA to voters who may have moved outside of Walthall County or for whom there is no forwarding information; (6) placing voters who do not respond to the confirmation notice into an inactive status that will indicate the date they were placed in such status; (7) removing inactive voters who do not vote during two Federal general election cycles (*i.e.* every two years, after one federal Presidential election and one federal mid-term election) following the date the confirmation notice is sent or who indicate in writing that they have moved outside of Walthall County; (8) ensuring that eligible voters on inactive status remain on the voter registration list during the period of the two Federal general election cycles following the date the confirmation notice is sent, and that they can cast valid ballots on election day during that period, upon proper assertion of eligibility, if required under state law; and (9) returning eligible inactive voters to active status if they properly reactivate their registration.

**5. Compliance Plan.** Upon approval of this Decree, Defendants shall prepare a written compliance plan and provide said plan to counsel for the Plaintiff.

**6. Retention of Records.** Defendant shall retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided in 42 U.S.C. §§

1973gg-6(i) and 1974. This will include all materials and other documents related to the list maintenance obligations under the NVRA and state law. Defendant shall make these records available to counsel for ACRU upon request.

**7. Costs.** Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this Decree and subsequent thereto, except that the Defendant will reimburse ACRU for reasonable attorneys' fees incurred to date in bringing and litigating this action, not to exceed $9,000.

**8. Binding Nature of Decree.** This Decree is binding on the Walthall County Election Commission, their successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf.

**9. Termination Date.** This Agreement shall remain in effect until December 31, 2016.

SO ORDERED: 9/4/2013

_____
Keith Starrett, United States District Judge

WE ASK FOR THIS

FOR PLAINTIFF:

*/s/ Henry Ross*
HENRY ROSS
P.O. Drawer B
Eupora, Mississippi 39744
(662) 552-5603
henryross7@att.net
Mississippi State Bar No. 5687

J. Christian Adams
ELECTION LAW CENTER, PLLC.
300 N. Washington Street, Ste. 405
Alexandria, Virginia 22314
(703) 963-8611
(703) 740-1773 fax
adams@electionlawcenter.com

H. Christopher Coates
LAW OFFICE of
H. CHRISTOPHER COATES
934 Compass Point
Charleston, South Carolina 29412
(843) 609-7080
curriecoates@gmail.com

FOR DEFENDANT:

*/s/ Conrad Mord*
CONRAD MORD
Attorney at Law
P.O. Drawer 311
Tylertown, MS 39667
601-876-2611
Electronic Mail conrad@mordlawfirm.com