

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, )<br>in its individual and corporate capacities, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>JEFFERSON DAVIS COUNTY )<br>ELECTION COMMISSION, )<br>*Defendant*. )<br>)<br>)<br>_____ ) | Civil Action No. 2:13-cv-87-KS-MTP |

## CONSENT DECREE

Plaintiff filed this action pursuant to Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, to enforce obligations concerning voter registration lists maintenance efforts in elections for Federal offices. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1973gg-9.

Defendant is covered by the requirements of Section 8 of the NVRA with respect to elections for Federal office and is obliged to maintain voter rolls in Jefferson Davis County, Mississippi. *See* 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b). Defendant is obliged to maintain accurate voter rolls pursuant to 42 U.S.C. §1973gg-6(d)(3), 42 U.S.C. §15483(a)(2)(A) and 42 U.S.C. §1973gg-6(a)(4).

For present purposes, Section 8 allows for the immediate removal of a voter from a registration list of Jefferson Davis County when the voter has died, been convicted of a disqualifying crime, when the voter requests to be removed, or when the voter has produced a

1

writing indicating they no longer reside within Jefferson Davis County. *See* 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA sets forth specific notice procedures and time frames before removing a voter when the county election commission obtains information that a voter no longer lives at his/her registration address of record (*i.e.*, when undeliverable election mail or returned jury notices are received). *See* 42 U.S.C. §§ 1973gg-6(b)-(f). Defendant must comply with these notice provisions and time lines before removing such voters from its registration list.

Notwithstanding these list maintenance obligations, Defendant conducted a general program of list maintenance that temporarily allowed the voter rolls to include more people registered to vote than there were citizens of voting age population in Jefferson Davis County according to available census data. As a result, Defendant violated the registration list maintenance obligations under Section 8 of the NVRA, 42 U.S.C. § 1973gg-6.

Plaintiff and Defendant, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties negotiated in good faith and hereby agree to the entry of this Consent Decree ("Decree") as an appropriate resolution of the claims alleged in Plaintiff's complaint. The parties agree to waive a hearing and, thus, stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

**1. Deceased Voters, Felons and Duplicate Registration Removal and Report.** The Defendant shall identify registrants who may be deceased and registrations which may be duplicates so that their registrations are subject to cancellation. Defendant shall identify the list of registrants for this section from the Mississippi Secretary of State's statewide database, as identified by the Secretary of State using its statewide computerized database as established

2

pursuant to requirements in the Help America Vote Act of 2002 ("HAVA") 42 U.S.C. § 15483(a). Defendant shall provide a list of registered voters to the Mississippi Department of Health for purposes of cross reference with death records maintained by that agency and shall identify deceased voters from that Department of Health database. The Defendant shall continue to obtain and utilize the Social Security Master Death Index and utilize this data to identify additional parties who may be deceased. The Defendant shall make a determination, consistent with all notice requirements mandated by law, about these potentially invalid voter registrations by January 31, 2014, including the removal from the list of eligible voters of any registrant who has been positively identified as being a deceased voter. Any duplicative registrations of a voter shall be corrected by the same date. On or before January 31, 2014, Defendant shall inform in writing counsel for the plaintiff as to the total number of voters identified as having a duplicate registration or who are deceased, the total number of voters removed, the total number of voters placed on the inactive list, and the number of duplicate registrations or registrations for a deceased voter for which the county took no action. This data will be provided in concise summary form and Defendant will provide the aforementioned data even if that number is zero.

Defendant shall continue to obtain, at the minimum, on a quarterly basis from the Jefferson Davis Circuit Court Clerk, a list of those persons convicted of disqualifying felonies under the Mississippi Constitution. The defendant shall make written requests on October 1, January 1, April 1, and July1 in each year through 2016, to the circuit court clerks of all counties adjacent to Jefferson Davis County, and the Mississippi Department of Correction for lists of those convicted of disqualifying felonies under the Mississippi Constitution who have residence addresses in Jefferson Davis County. The defendant shall continue to request from the

Department of Corrections or from the data base maintained by the Secretary of State, at the minimum, on a quarterly basis a list of all persons having a home address in Prentiss, Bassfield, and Carson, Mississippi who have been convicted of disenfranchising felonies under the Mississippi Constitution. Defendant shall also make written requests on October 1, January 1, April 1 and July 1 in each year through 2016, to the United States Attorney from both the Northern and the Southern District of Mississippi for a list of individuals having a home address in Jefferson Davis County who were convicted of disqualifying felonies under the Mississippi Constitution. Defendant shall remove any registrant so convicted. Within 5 days of an election, the defendant shall use the latest information it has, regardless of the date of the request which produced the information, to remove persons disqualified by reason of conviction for a disenfranchising crime.

In instances where it appears a felon was improperly registered and the felon was shown to have illegally participated in a federal election according to the voter history records maintained by the Defendant, the Defendant will alert the United States Attorney. In instances where it appears a felon was improperly registered and the felon was shown to have illegally participated in a state or local election, the Defendant will also alert the District Attorney of those facts. However, this provision does not place an affirmative duty on the defendant to independently investigate whether illegal activity has occurred.

In all instances, Defendant should act on information or comply with directives received from the Mississippi Secretary of State regarding ineligible registrants on the rolls in Jefferson Davis County. Plaintiff may introduce evidence of failure to act on information provided by the Mississippi Secretary of State in any proceeding to enforce this decree. However, this provision does not require the defendant to remove any person from the voting rolls simply because the

Secretary of State might issue a directive to do so, nor does it require the defendant to comply with any directive from the Secretary of State which compromises the authority or responsibility of the defendant, nor does it require the defendant to obey any directive from the Secretary of State which enlarges or is contrary to the defendant's existing obligations under the law.

**2. Countywide Mailing for Address Verification.** On or before November 15, 2013, the Defendant shall continue its efforts to maintain the rolls by conducting a countywide mailing, via first class mail, to all active and inactive registrants as described below.

### A. Active - United States Postal Service Change of Address Data

Active voters shall receive notice by nonforwardable mail. Upon receiving any mailings to active voters which are returned by the postal service as undeliverable to the registrant, Defendants shall conduct list maintenance as described in 42 U.S.C. § 1973gg-6(c)(1). Pursuant to 42 U.S.C. § 1973gg-6(c)(1)(A), Defendants shall obtain change of address information supplied by the Postal Service to identify registrants whose addresses may have changed. If it appears from this information that the registrant has moved to an address within Jefferson Davis County, the Defendants shall correct the registration records to show the new address and shall send the registrant a notice of the change by forwardable mail containing a postage prepaid and preaddressed form by which the registrant may verify or correct the address, in accordance with 42 U.S.C. § 1973gg-6(c)(1)(B). If according to the information supplied by the Postal Service, the registrant has moved to an address outside of Jefferson Davis County, the Defendants shall provide the notice described in 42 U.S.C. § 1973gg-6(d)(2) by forwardable mail, with a prepaid preaddressed return card on which the registrant may state their current address, together with

the applicable notices described in 42 U.S.C. § 1973gg-6(d)(2)(A) and 42 U.S.C. § 1973gg-6(d)(2)(B).

### B. "Inactive" - Voters Who Have Not Voted For Two Federal Cycles

To any voter who may be currently classified as inactive by virtue of not voting in two consecutive federal election cycles, Defendants shall utilize procedures in 42 U.S.C. § 1973gg-6(d)(1)(B) and 42 U.S.C. § 1973gg-6(d)(2). As described above, Defendants shall mail a notice pursuant to 42 U.S.C. § 1973gg-6(d)(2) that contains a postage prepaid and pre-addressed return card sent by fowardable mail, on which the registrant may state their current address. The notice shall contain the language contained in 42 U.S.C. § 1973gg-6(d)(2)(A) and 42 U.S.C. § 1973gg-6(d)(2)(B).

In conformity with 42 U.S.C. § 1973gg-6(d)(1)(B), Defendants shall remove from the rolls all registrants who have failed to respond to the notice described above (42 U.S.C. § 1973gg-6(d)(1)(B)(i)) and have not voted or appeared to vote in two federal general elections after the notice was sent (42 U.S.C. § 1973gg-6(d)(1)(B)(ii)).

### C. Registrants Who No Longer Reside in Jefferson Davis County – Other

Registrants who confirm in writing that they no longer reside in Jefferson Davis County must be removed immediately pursuant to 42 U.S.C. § 1973gg-6(d)(1)(A). This would include registrants who in response to a jury summons indicate that they are no longer residents of the county.

Defendant shall immediately request from the Mississippi Department of Public Safety the names of all registrants from Jefferson Davis County who have obtained new Mississippi

driver's licenses outside of Jefferson Davis County from a period ranging from January 1, 2006, to the date of the entry of this Consent Decree, and periodically through the date of the expiration of this Consent Decree. If the Mississippi Department of Public Safety is nonresponsive or does not possess the data requested by Defendant, the Defendant shall inform the Plaintiff and provide the response. If the Mississippi Department of Public Safety complies with the Defendant's request and provides information requested, and if a registrant who submitted a writing that they have moved from Jefferson Davis County remains on the rolls in Jefferson Davis County, Defendant shall request a copy of the writing through which the registrant confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction. *See*, 42 U.S.C. § 1973gg-6(d)(1)(A). Absent any subsequent showing that the registrant has moved back to Jefferson Davis County, Defendant shall remove from the rolls such voters who have confirmed in writing, by virtue of obtaining driver's licenses outside of Jefferson Davis County, that they are no longer residents of Jefferson Davis County . Prior to removal from the rolls, the Defendant shall provide the registrant, at both their old and new address, notice that their "registration is subject to cancellation in Jefferson Davis County absent a showing within the next 60 days that [they] remain a bona fide resident in Jefferson Davis County."

**3. Report on Countywide Mailing.** On or before January 31, 2014, Defendant shall provide counsel for Plaintiff information in writing that identifies, the number of voters who were identified as potentially ineligible through use of the measures set forth in Paragraph 2, *supra*, the number of voters actually removed from the registration database, and the total number of voters placed on inactive status after confirmation mailings. The data will be provided in concise summary form and will provide the aforementioned data even if that

number is zero. This data must also provide the total number of active and inactive voters as of January 31, 2014.

**4. Additional Compliance Measures.** The Defendant shall continue to use the Social Security Master Death Index.

Furthermore, Defendant shall request the Secretary of State to seek access to the Department of Homeland Security's Systematic Alien Verification for Entitlements ("SAVE") database. Defendant will inform the Plaintiff in writing within eight months if a response is received, or not, and provide a copy of any response. If data are obtained, the Defendant shall utilize data within the SAVE database to identify potential non-citizens who have registered to vote in Jefferson Davis County. Upon identifying registered voters who, according to the SAVE database, are potential non-citizens, the Defendant shall provide written notice to those voters that they have been identified as such, and provide those registered voters ample sufficient opportunity to respond. If no response is received from the registered voters after ample time to respond has expired, or, if the voters do not contest that they are non-citizens, the Defendant shall cancel the voter registration of the identified voters. In instances which it appears a non-citizen was improperly registered or the non-citizen is shown to have voted in a federal election, the Defendant will inform the United States Attorney of those facts. However, this provision does not place an affirmative duty on the defendant to independently investigate whether illegal activity has occurred.

Furthermore, the Defendant shall continue to implement and, for the duration of the Decree, make assessments described below to determine whether it is complying with the list maintenance requirements of Section 8 of the NVRA, including whether Defendant is identifying

and removing voters from its rolls who have died, been convicted of a disqualifying crime, or who have moved. Specifically, the Defendant must assess whether it is properly: (1) promptly acting on information regarding removal of ineligible voters provided by the Mississippi Secretary of State obtained from the statewide voter registration database regarding voters who may have become ineligible (such as potential deaths of voters or duplicate registration of voters); (2) researching and acting on other specific information provided in writing by voters that calls into question those voters' continued eligibility to vote at their currently registered addresses, such as jury duty declinations or county or state tax filings which claim non-resident status; (3) canvassing their registered voter lists to locate voters who have died or moved; (4) using canvass information to update voter registration rolls for voters who have moved within Jefferson Davis County consistent with Section 8(f) of the NVRA; (5) sending a forwardable confirmation notice under Section 8(d) of the NVRA to voters who may have moved outside of Jefferson Davis County or for whom there is no forwarding information; (6) placing voters who do not respond to the confirmation notice into an inactive status that will indicate the date they were placed in such status; (7) removing inactive voters who do not vote during two Federal general election cycles (*i.e.* every two years, after one federal Presidential election and one federal mid-term election) following the date the confirmation notice is sent or who indicate in writing that they have moved outside of Jefferson Davis County; (8) ensuring that eligible voters on inactive status remain on the voter registration list during the period of the two Federal general election cycles following the date the confirmation notice is sent, and that they can cast valid ballots on election day during that period, upon proper assertion of eligibility, if required under state law; and (9) returning eligible inactive voters to active status if they properly reactivate their registration.

**5. Retention of Records.** Defendant shall retain voter registration and list maintenance records related to the terms of this agreement for the time periods provided in 42 U.S.C. §§ 1973gg-6(i) and 1974. This will include all materials and other documents necessary to the list maintenance obligations under the NVRA and state law. Defendant shall make these records available to counsel for ACRU upon request.

**6. Costs.** Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this Decree and subsequent thereto, except that the Defendant will reimburse ACRU for reasonable attorneys' fees, not to exceed $7,500.

**7. Binding Nature of Decree.** This Decree is binding on the Jefferson Davis County Election Commission, their successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf, to the extent permitted by law or required by this Decree.

**8. Termination Date and Retention of Jurisdiction.** This Agreement shall remain in effect until December 31, 2016. The Court shall retain jurisdiction to enforce the terms of this Decree.

SO ORDERED: This the 18th October, 2013.

_____
Keith Starrett, United States District Judge

WE ASK FOR THIS

FOR PLAINTIFF:

                                                    s/Henry Ross  
                                            HENRY ROSS  
                                            P.O. Drawer B  
                                            Eupora, Mississippi 39744  
                                            (662) 552-5603  
                                            henryross7@att.net  
                                            Mississippi State Bar No. 5687

| | |
|---|---|
| J. Christian Adams | H. Christopher Coates |
| ELECTION LAW CENTER, PLLC. | LAW OFFICE of |
| 300 N. Washington Street, Ste. 405 | H. CHRISTOPHER COATES |
| Alexandria, Virginia 22314 | 934 Compass Point |
| (703) 963-8611 | Charleston, South Carolina 29412 |
| (703) 740-1773 fax | (843) 609-7080 |
| adams@electionlawcenter.com | curriecoates@gmail.com |

FOR DEFENDANT:

                                            s/Robert E. Sanders  
                                            Robert E. Sanders  
                                            Young, Wells, Williams, Simmons P.A.  
                                            P.O. Box 23059  
                                            Jackson, MS   39225  
                                            Telephone:   601-948-6100  
                                            Facsimile:   601-355-6136  
                                            E-Mail:   rsanders@youngwells.com