United States District Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| **VIRGINIA VOTER'S ALLIANCE and DAVID NORCROSS**<br><br>            *Plaintiffs*,<br><br> v.<br><br>**ANNA J. LEIDER, in her official capacity as General Registrar for the City of Alexandria**<br><br>            *Defendant*. | Civ. No. 16-394-LBM/MSN |

## Plaintiffs' Notice of Opposition to Motion of the League of Women Voters of Virginia to Intervene and Memorandum in Support of Plaintiff's Opposition

Plaintiffs' Virginia Voter's Alliance and David Norcross respectfully submit, through counsel, the following response in opposition to the Motion to Intervene by the League of Women Voters of Virginia ("LWV") (Dkt. 20).

For the reasons that follow, LWV has failed to establish sufficient grounds for intervention as a matter of right or permissively. Even assuming LWV's motion is timely, it has plainly failed to make the "very strong showing" of inadequacy of representation that is required to intervene in support of a governmental entity, with which LWV concedes it shares the same ultimate objective. *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013).

Permissive intervention should also be denied. LWV's participation in this matter as a party—as opposed to an *amicus curiae*—would cause undue delay and prejudice without any "corresponding benefit to the process, the litigants, or the court." *Lee v. Va. State Bd. of Elections*, 2015 U.S. Dist. LEXIS 118647, *15 (E.D. Va. Sep. 4, 2015).

LWV's motion should accordingly be denied.

I. **Intervention as a Matter of Right Should be Denied Because the LWV has Failed to Make the "Very Strong Showing" that the Defendant's Representation of LWV's Interests are Inadequate.**

"Under Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.'" *Stuart*, 706 F.3d at 349 (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)). Failure to satisfy any prong on this inquiry is grounds for denying intervention. Even assuming LWV has satisfied the first three prongs of this test, something Plaintiffs do not concede, it has plainly failed to demonstrate that the Defendant is not capable of adequately representing its interests in this case. Intervention as a matter of right should therefore be denied.

LWV concedes that it has the same ultimate objective in this case as does the Defendant. (LWV Motion at 6.) LWV admits that "the interests of the League and the [Defendant] Registrar are aligned with respect to the requested dismissal of Count I." *Id*. Indeed, both the Defendant and LWV seek to defend against Plaintiffs' claims that the Defendant is not in compliance with its list maintenance obligations under the NVRA. *Id*. (explaining that LWV seeks to defend "the "proper interpretation and application of the NVRA and the protection and preservation of the right to vote").

The Fourth Circuit has recently rejected LWV's claim that it's burden under these circumstances is "minimal." (LVW Motion at 4.) The Fourth Circuit has joined "every circuit to rule on the matter," *Stuart*, 706 F.3d at 352, in holding that "[w]here the would-be intervenor shares the same ultimate objective as an existing governmental party, the would-be intervenor must make a 'strong showing' of inadequacy." *Ohio Valley Envtl. Coal., Inc. v. McCarthy,* 313

F.R.D. 10, 28 (S.D. W. Va. 2015) (quoting *Stuart*, 706 F.3d at 352). Under such circumstances, LWV must present evidence that will "rebut [the] 'presumption of adequate representation.'" *Id.* (quoting *Stuart*, 706 F.3d at 353). LWV has failed to do so.

LWV argues that the City of Alexandria cannot adequately represent its interests because it is a "public servant with limited resources and broad responsibilities." (LWV Motion at 5.) Neither of these things will affect the City's ability to defend its interest or the interests of LWV. For example, in fiscal year 2016, the City of Alexandria's operating budget exceeds 824 million dollars.[1] The Office of Voter Registration and Elections, specifically, has an approved budget of over 1.3 million dollars.[2] The City has hired outside counsel with expertise in election law to defend itself in this action. There is no reason to believe LWV's claim that the City lacks the resources or the ability to adequately defend itself. Indeed, the resources available to the Defendant and the counsel retained speak otherwise.

Nor is LWV's claim that its interests are more specific than the City's sufficient to rebut the presumption of adequate representation. (LWV Motion at 6.) Even assuming that claim is true, "the Fourth Circuit has foreclosed this argument by concluding that even where a would-be intervenor's interest is more specific than the government's, this does not rebut the presumption of adequate representation." *Ohio Valley Envtl. Coal., Inc.*, 313 F.R.D. at 29 (citing *Stuart*, 706 F.3d at 352-353.) "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v.*

---

[1] City of Alexandria, Approved Operating Budget, Fiscal Year 2016 at 8.3, available at https://www.alexandriava.gov/uploadedFiles/budget/info/budget2016/FY%202016%20Operating%20Budget%20(Final)(1).pdf.
[2] *Id.* at 13.83.

*Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). LWV has made no such demonstration. In fact, LWV admits that "the interests of the League and the [Defendant] Registrar are aligned with respect to the requested dismissal of Count I." *Id*.

At best, LWV speculates that if "Count I proceed past the pleading stage, the Registrar has distinct governmental interests — including managing an office, stewarding limited public resources, and running elections — that may affect her approach in defense of the litigation." (LWV Motion at 6.) Whatever the Defendant's other duties may be, they fall woefully short of demonstrating the "adversity of interest, collusion, or nonfeasance" necessary to rebut the presumption that the Defendant will adequately represent LWV's interests. *Westinghouse Elec. Corp.*, 542 F.2d at 216.

Whether LWV believes it would pursue a different litigation strategy than the Defendant does not demonstrate the "strong showing" LWV must make to support intervention. "The presumption of adequate representation is not rebutted by simply showing the would-be intervenor disagrees with the government's 'reasonable litigation tactics,' or that the would-be intervenor has 'stronger' or 'more specific' interests than the government." *Ohio Valley Envtl. Coal., Inc.*, 313 F.R.D. at 28-29 (quoting *Stuart*, 706 F.3d at 352) (denying intervention because "rather than making the necessary strong showing, [movants] ha[d] demonstrated merely that they disagree with the [government's] reasonable litigation tactics").

LWV is not the "voiceless group" it claims to be. As the Fourth Circuit recently stated while denying a similar motion to intervene, "it is among the most elementary functions of a government to serve in a representative capacity on behalf of its people. In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest." *Stuart*, 706 F.3d at 351.

LWV admits that it is pursuing the same ultimate objective as the Defendant. LWV has demonstrated neither "adversity of interest, collusion, or nonfeasance." *Westinghouse Elec. Corp.*, 542 F.2d at 216. LWV has therefore failed to rebut the presumption that the Defendant will adequately represent its interest in this litigation and intervention as a matter of right must be denied.

## II. Permissive Intervention Should be Denied Because LWV's Participation As a Party Would Cause Undue Delay and Burden Judicial Resources Without Providing Any Benefit to the Court.

Rule 24(b)(1)(B), provides that a district court "may permit" intervention if the movant has "a claim or defense that shares with the main action a common question of law or fact." However, the rule also states that "[i]n exercising its discretion" to permit intervention, a district court "must consider whether the intervention will unduly delay or prejudice the adjudication." Fed. R. Civ. P. 24(b)(3).  In this case, allowing intervention would unquestionably task this Court and the litigants with additional burdens.

"In determining whether extra time would be an undue delay, the court must balance the delay threatened by intervention against the advantages promised by it." *Ohio Valley Envtl. Coal., Inc.*, 313 F.R.D. at 30 (citing 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed.)). Critically, "[i]f there is another adequate remedy available to protect the would-be intervenor's rights, this weighs in favor of denying intervention." *Id*. "A court does not err in denying permissive intervention 'when undue delay exists without a corresponding benefit to the process, the litigants, or the court, especially where an existing party zealously pursues the same ultimate objectives as a movant.'" *Ohio Valley Envtl. Coal., Inc.*, 313 F.R.D. at 30 (quoting *Lee*, 2015 U.S. Dist. LEXIS 118647, at *4 (citing *Stuart*, 706 F.3d at 355)).

Even assuming LWV has a claim or defense that shares a common question of law or fact in this action, intervention is not warranted. LWV has offered absolutely no reasons why its participation as a party would benefit the court's resolution of Plaintiffs' claims. LWV has offered only the dubious proposition that the Defendant's office management duties "may affect her approach in defense of the litigation." (LWV Motion at 6.) This Court should reject such speculative justifications as a basis for intervention.

Nor has LWV made any effort to explain why its participation as *amicus curiae* would not sufficiently protect its claimed interest in this action. As it admits, "[t]he interests of the League in this case… are focused entirely on the proper interpretation and application of the NVRA." (LWV Motion at 6.) As such, any arguments LWV might make are purely legal and are more suited to an *amicus* brief if circumstances might warrant.

Permissive intervention is not proper because it would unduly delay resolution of this action and burden judicial resources. "Additional parties can complicate routine scheduling orders, prolong and increase the burdens of discovery and motions practice, thwart settlement, and delay trial." *Stuart*, 706 F.3d at 350. If granted intervention, LWV "would be entitled to discovery from both Plaintiffs and [Defendant], requiring existing parties to duplicate their discovery efforts." *Ohio Valley Envtl. Coal., Inc.*, 313 F.R.D. at 30-31. LWV's participation likewise "would complicate for the existing parties other aspects of this litigation, including motions practice and any possible settlement negotiations." *Id*. (denying permissive intervention). LWV could well clog the docket of this case with discovery motions, dispositive motions of a different character than Defendant's, witness depositions, associated discovery and counterpart discovery conducted by Plaintiff against proposed intervenors.  LWV does not

explain why discovery or motion practice is necessary to protect its interests. In fact, neither is necessary.

Without any benefit to offset the burdens of LWV's intervention, any delay caused by such intervention would be "undue" and this Court should accordingly deny LWV's request to intervene.

Dated: June 16, 2016             Respectfully submitted,

For the Plaintiffs Virginia Voter's Alliance and David Norcross:

    /s/ J. Christian Adams
J. Christian Adams (Va. Bar # 42543)
Noel H. Johnson*
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
njohnson@publicinterestlegal.org
*Pro Hac Vice application granted*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2016, a true and correct copy of the foregoing Brief in Opposition to Motion of the League of Women Voters of Virginia to Intervene on all parties via this Court's ECF system, which notified the following counsel of record:

William W. Tunner, Esq. (VSB No. 38358)
David N. Gustin, Esq. (VSB No. 86350)
ThompsonMcMullan
100 Shockoe Slip
Richmond, VA 23219-4140
Phone: (804) 649-6205
Fax: (804) 780-1813
E-mail: wtunner@t-mlaw.com
E-mail: dgustin@t-mlaw.com
*Counsel for Defendant, Anna J. Leider*